Brown, J.
dissents from this opinion.
He is of opinion that the amended count of the information amounts to perjury under our statute. The power given to the clerk in his opinion does not refer to those cases only in which by special law he is required to administer an oath before he can perform a clerical duty. By referring to the various laws on this subject it will be found that the general law giving the clerk power to administer an oath where the same may be necessary to enable him to perform an official duty, is subsequent to the various acts referred to in the foregoing opinion. It could not, therefore, be intended to give power where it had been previously conferred. It refers to the various cases in which the clerk in the proper, and safe discharge of his duties may find it necessary and proper to have evidence of a particular fact necessary to be ascertained before he can do the act required, and covers precisely such a case as the information sets forth. That portion of the law which requires the oath to be reduced to writing, is merely directory, and cannot affect the case. It is the false oath which constitutes the perjury; and it matters not whether an affidavit is filed or not.